## In re CHASE.
### Patent Appeal No. 3311.

Court of Customs and Patent Appeals.
June 12, 1934.

George F. Scull, of New York City (Stuart Hilder and George M. Anderson, both of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

Appellant has appealed here from the decision of the Board of Appeals of the United States Patent Office, which affirmed the decision of the Examiner in rejecting claims 1, 2, 3, 6, 7, 9, 10, 14 to 16, 18, 19, and 21 to 23, after having allowed claims 4, 5, 8, 11, 17, and 20, of appellant's application for a patent for division stop mechanism for calculators. The grounds of rejection of said claims by the Examiner and the Board of Appeals is based upon estoppel arising out of a statement of facts, which is as follows:

The application involved in this appeal was filed August 17, 1927. This application and the claims here involved, except claims 1 and 10, were in interference with the application of one Friden, which interference is referred to by appellant as Friden v. Chase, No. 60,503. Friden and Chase, and five other parties, were in a previously formed interference, No. 57,166. The first interference was declared August 13, 1928, and the second (Friden v. Chase) was declared October 10, 1930. In the last interference, the Examiner of Interferences held that Chase was estopped to make the counts because he did not, in the prior seven-party interference, No. 57,166, assert claims 1 and 10, as well as the claims which he had in his second application which were involved in the second interference. Appellant appealed from the decision of the Examiner of Interferences to the Board of Appeals, which affirmed the action of said Examiner of Interferences. The application was then considered ex parte and the claims rejected. It is the Board's affirmance of this decision that brought about the instant appeal.

Claims 1 and 10 were not included in the counts of the interference (Friden v. Chase), but were rejected on the ground of estoppel along with the other claims as being claims which should have been presented in the seven-party interference.

The Board's decision is short and refers to its above-mentioned decision in the appeal in the interference proceeding Friden v. Chase No. 60,503. There the question of estoppel was discussed and the action of the Examiner was approved.

The rule is well settled in patent law that, as far as the Patent Office and this court are concerned, an interference settles not only the rights of the parties under the issues or counts of the interference, but also settles every question of the rights to every claim which might have been presented and determined in the interference proceedings. The rule was thus stated in Re Wasserfallen, 54 App. D. C. 367, 298 F. 826, and similarly stated in a number of cases there cited. The doctrine has been discussed in a number of cases in this court. In re Austin, 40 F.(2d) 756, 17 C. C. P. A. (Patents) 1202; In re Ellis & Holden, 47 F.(2d) 963, 18 C. C. P. A. (Patents) 1060; In re Krauch et al., 56 F. (2d) 290, 19 C. C. P. A. (Patents) 1003, and In re Boudin, 58 F.(2d) 448, 19 C. C. P. A. (Patents) 1187. The latest expressions of this court on the subject are in the cases of In re Shimer, 69 F.(2d) 556, 21 C. C. P. A. (Patents) ——, and In re Alexanderson,

69 F.(2d) 541, 21 C. C. P. A. (Patents) ——. The rule of estoppel is applied in such cases for the reason that it is necessary to put an end to litigation in the Patent Office. See In re Capen, 43 App. D. C. 342, 344; In re Marconi, 38 App. D. C. 286, 293.

Appellant in the case at bar contends that, irrespective of the propriety of applying the doctrine of estoppel in cases similar to those above cited, estoppel, in this instance, should not apply on account of the special facts involved. First it is urged that Friden did not voluntarily attempt to acquire the claims involved, but that the Primary Examiner knowing of Chase's second application and of the Friden disclosure, suggested that Friden copy the claims, which was done. After Friden had copied the claims and brought about the interference at the instigation of the Examiner, he made a motion to dissolve on the ground that Chase was estopped. Thus Friden moved to dissolve the interference which he had provoked and which would leave the claims in his possession regardless of his actual priority. It is also pointed out by appellant that, at the time of the declaration of the two-party interference, the seven-party interference had not yet been terminated and that the issues involved in the two-party interference were not the issues involved in the seven-party interference, and that, in order for Friden and Chase to have contested priority of the issues involved in the instant case, the second interference would have been formed in any event. It is urged that, if Chase had brought forward in the seven-party interference his second application and there challenged Friden or any of the other parties who could make the counts (some of them could not), the Examiner would have done exactly what he did do anyway—declare the second interference.

We think the doctrine of estoppel above announced would apply if the issues involved here could have been properly suggested and decided in the seven-party interference. It seems to be conceded that they could not have been decided there and that the declaration of the second interference was necessary. The declaration of the second interference was the proper procedure for the Patent Office to get the exact issues between these parties set at one side for the purpose of trial. It seems anomalous to hold that, having set them aside voluntarily while the seven-party interference was going on, Chase would be held to be estopped from claiming that which he claimed in his second application.

Appellant further argues that under rule 109 a motion to bring in additional claims is a matter of discretion on the part of the Patent Office; that, at the time the two-party interference was declared, no testimony or any other proceedings had been had except to form issues; that, at the time the two-party interference was declared, the right to make a motion under rule 109 in the seven-party interference still existed; and that the right to extend time for motions under said rule 109 was discretionary with the Patent Office. Kurowski v. Ramsey, 1912 C. D. 238, Greer v. Simon, 1923 C. D. 24, and Getchell v. Horton, 1924 C. D. 63, are cited on this phase of the case.

Appellant has argued at considerable length concerning the application generally of the doctrine of estoppel arising from a failure to proceed under rule 109. It is suggested by appellant that the case of In re Martin, 48 App. D. C. 187, which we discussed in Re Shimer, supra, was in harmony with the other cases of the Court of Appeals of the District of Columbia, and is applicable to the facts at bar. We pointed out in Re Shimer that the doctrine announced in Re Martin, supra, was not in harmony in certain respects with other decisions of the Court of Appeals of the District of Columbia.

With reference to this contention we think it sufficient to say that we do not in the least wish to weaken the force of, nor make less applicable, in proper cases, the doctrine of estoppel as announced in the Wasserfallen, Shimer, and other cases cited, because we think it is of the utmost importance that troublesome, expensive, and sometimes vexatious litigation in the Patent Office should be expedited or avoided. Under the particular facts of the case at bar, we think, however, that the doctrine does not apply, and that the decision of the Board of Appeals affirming the decision of the Examiner in rejecting the claims on the ground of estoppel should be, and it is, reversed.

Reversed.

LENROOT, Associate Judge, concurs in the conclusion.

HATFIELD, Associate Judge, did not participate.