35 C.C.P.A.(Patents)

## Application of BOILEAU.

### Patent Appeal No. 5447.

Court of Customs and Patent Appeals.

June 14, 1948.

Norman E. H. Deletzke, of Chicago, Ill., for appellant.

W. W. Cochran, of Washington, D. C., (E. L. Reynolds, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and HATFIELD and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting claims 3, 4, 5, and 9 to 15, inclusive, in appellant's application for a patent for an invention for a churn, on the ground of lack of invention over the prior art. Claims 1, 2, 6, 7, and 8 were allowed by the board.

Claims 3, 4, 9, and 14 are typical of the appealed claims. They read:

"3. A churn including a wooden drum having oppositely disposed wooden end walls, rotatable supports for rotatably supporting said drum, agitating shelves within said drum, recesses in the inner faces of said end walls transverse to the grain of the wood in said end walls, bracket means for supporting said shelves lodged in said recesses having free portions extending out of said recesses, and removable means fixing said shelves upon said bracket means."

"4. A churn and butterworker comprising a drum, rotatable supports for rotatably supporting said drum, means for rotating said drum, shelves within said drum, and bracket means supporting said shelves upon said drum supports, said bracket means being so constructed and arranged as to transfer all shelf loading stresses directly to the said drum supports."

"9. In a churn and butterworker, a base framework, rotatable supports mounted upon said framework in opposed relation one to another, a cylinder head mounted on each of said supports in opposed relation one to another, spaced shelf means extending intermediate said cylinder heads and abutting against said cylinder heads, tightenable means securely and rigidly binding together said rotatable supports and said drum heads and said spaced shelves to form a rigid rotatable unit thereof by directly securing each of said elements of said rotatable unit one to another, and a cylinder encompassing said cylinder heads and said spaced shelves out of contact with said spaced shelves and supported upon said cylinder heads."

"14. A churn and butterworker comprising, in combination, opposed wooden cylinder heads, a wooden cylinder formed solely of staves encompassing and supported upon said cylinder heads, agitator shelves within said cylinder, said shelves being spaced from and being independent of all of said cylinder staves and extending from cylinder head to cylinder head, recesses in the inner face of each of said cylinder heads, each said recess being adapted to receive the end of an agitator shelf; rotatable support means adjacent the outer surface of said cylinder heads, tightenable means for securing said shelves and said cylinder heads to said rotatable support means to form a rigid rotatable unit and for supporting said shelves independently of said cylinder, whereby said cylinder may be removed from said cylinder heads while retaining a rigid rotatable unit formed of said shelves said cylinder heads and said supports securely and rigidly bound together."

The references relied on are:

Figg, 1,794,680, March 3, 1931.

Clark, 2,066,067, December 29, 1936.

Godfrey, 2,334,919, November 23, 1943.

Counsel for appellant moved to dismiss the appeal as to claim 12. The motion will be granted.

Appellant's application discloses a churn comprising a cylindrical wooden body which is mounted for rotation about the axis of the cylinder body. The churn body is formed by two spaced circular heads which are surrounded by staves to form a closed chamber. Within this chamber shelves are provided which are spaced inwardly from the staves and extend longitudinally of the cylindrical body from one head to the other. The shelves are secured at their ends to bracket members which are mounted in and project from slots in the cylinder heads. The shelves and heads thus form a rigid framework independently of the staves. At each end of the churn body is a horizontal journal, mounted on a supporting frame and rotatably mounted in each journal is a hub member provided with radial arms. The arms are secured to the outer faces of the heads of the churn body at points opposite the points on the inner faces of the heads where the brackets which support the shelves are located. The churn body is thus supported for rotation about its axis.

The patent to Figg discloses a wooden churn formed of staves mounted about spaced heads to provide a cylindrical body. The body is provided with longitudinally extending shelves located within and spaced from the cylindrical wall of the body. The shelves extend from one head to the other and are fitted into recesses in the heads. Horizontal journals are provided at the opposite ends of the body and hubs provided with radial arms are mounted in these journals. The radial arms are secured at their outer ends to the heads, so that the churn is mounted for horizontal rotation about its axis.

The patent to Clark discloses a cylindrical wooden churn comprising a body mounted for horizontal rotation about its axis. The body is formed of spaced heads surrounded by staves and is provided with longitudinal internal shelves extending from one head to the other and spaced from the cylindrical wall of the body. The shelves are attached at their ends to brackets which are fixedly secured to the heads.

The patent to Godfrey discloses a churn comprising a cylindrical body supported at its ends on radial arms extending from hub members which are mounted in horizontal journals. The churn body is made up of spaced heads and staves. Several of the staves extend inwardly to form shelves and the shelves are bolted to the heads and to the radial arms of the end hub members to form a rigid unitary structure.

■ The patent to Godfrey was issued on an application filed April 24, 1939. Appellant's involved application is a division of a parent application filed January 3, 1939. The parent application, however, was in interference with the application on which the patent to Godfrey was issued, and Godfrey was the successful party in the interference. Under the related circumstances, the Godfrey patent is prior art against appellant's patent and divisional application as to all subject matter

common to the Godfrey patent and appellant's application. See In re Bicknell et al., 136 F.2d 1016, 30 C.C.P.A., Patents, 1250.

Counsel for appellant urges that the patent to Godfrey is a reference only for the subject matter which was actually in issue in the interference and, in support of that contention, relies upon the case of In re Williams and McCabe, 62 F.2d 86, 20 C.C.P.A., Patents, 738. That case, however, involved a disclaimer as to the subject matter of the counts only, rather than an award of priority of invention and, accordingly, is not in point here. Under the circumstances of the instant case, the patent to Godfrey is a proper reference for all common subject matter that it discloses.

Claim 3 was rejected on the patent to Clark in view of the patent to Figg. The claim is fully met by the Clark patent except that the brackets which support the shelves are fastened against the end walls instead of being inserted in "recesses in the inner faces of said end walls transverse to the grain of the wood in said end walls" as called for by claim 3. It was the position of the examiner that in view of the Figg patent which shows the shelves mounted in recesses in the ends of the churn, there would be no invention in locating the shelf supporting brackets of the Clark structure in similar recesses. The examiner further stated that it would be obvious to locate the recesses transversely of the grain of the wood in order to avoid splitting. We are of opinion that claim 3 is not patentable for the reasons stated by the tribunals of the Patent Office.

Claims 4 and 5 were rejected on the patent to Clark in view of the patent to Godfrey. The Clark patent shows everything called for by those claims except that Clark's shelf supporting brackets are connected to the drum heads, whereas claims 4 and 5 require that the brackets be fixed directly to the rotatable drum supports. The Godfrey patent shows a structure in which the shelves are secured directly to the rotatable drum supports and it would not require invention to employ a similar arrangement in the device disclosed in the patent to Clark.

Claims 9 to 13, inclusive, and 15 stand rejected on the Godfrey patent in view of the patent to Clark. Claims 9, 10, 11, and 13 are fully met by the Godfrey patent except that in the patentee's structure the shelves which are joined to the heads and supporting arms, to form the rigid framework of the churn, are located in the cylindrical body of the churn so that the edges of the shelves form staves, whereas claims 9, 10, 11, and 13, require that the shelves shall lie within the churn. The Clark patent, however, shows an arrangement generally similar to that of the Godfrey patent, with the shelves lying within the churn and spaced from the walls thereof. We are of opinion that it would not require invention to locate the shelves of the Godfrey patent within and spaced from the walls of the churn, as disclosed in the patent to Clark.

Claim 15 is similar to claims 9, 10, 11, and 13, with the additional recitation of a stationary bar extending from end to end of the churn adjacent its axis. Such a bar is shown in the patent to Clark. It certainly would not require invention to add a stationary bar to the Godfrey structure if it were so desired.

Claim 14 is generally similar to claims 9, 10, 11, and 13. It was rejected on the disclosures in the patents to Godfrey, Clark, and Figg. The application of the Godfrey and Clark patents to claim 14 is similar to that hereinbefore stated in connection with claims 9, 10, 11, and 13. Claim 14 contains the further limitation that the shelves are received in recesses in the ends of the churn heads. Such recesses are disclosed in the patent to Figg and, in our opinion, it would not involve invention to employ them in the prior art structures.

Counsel for appellant points out that certain of the involved claims were formerly allowed in appellant's parent application. It is well settled, however, that the question of patentability of appealed claims must be decided on its merits and not on the basis of holdings made in some other application. See In re Albert C.

Fischer, 47 F.2d 794, 18 C.C.P.A., Patents, 1076, and In re Greider et al., 129 F.2d 568, 29 C.C.P.A., Patents, 1079.

The arguments of counsel for appellant have been carefully considered but we are of opinion that the appealed claims call for nothing more than obvious modifications of prior art structures.

The appeal is dismissed as to claim 12.

■ For the reasons stated the decision of the Board of Appeals is affirmed as to claims 3, 4, 5, 9, 10, 11, 13, 14, and 15.

Affirmed.

By reason of illness, O'CONNELL, Associate Judge, was not present at the argument of this case and did not participate in the decision.