**35 C.C.P.A. (Patents)**

**Application of BRONSTEIN.**
**Patent Appeal No. 5758.**

United States Court of Customs and
Patent Appeals.
Feb. 27, 1951.

———◆———

Collins Mason, Los Angeles, Cal., and Donald A. Gardiner, Washington, D. C. (Mason & Graham, Los Angeles, Cal., of counsel), for appellant.

E. L. Reynolds, Washington, D. C. (S. Wm. Cochran, Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, JOHNSON, and WORLEY, Judges.

JACKSON, Judge.

The Primary Examiner of the United States Patent Office finally rejected claims 1 and 6 of appellant's application for a patent, serial No. 600,197, filed June 18, 1945, "For Label and Method of Making Same." The claims were held to be lacking invention over the issue of an interference, terminating adversely to appellant, between the present application and an application of Brady Jr. et al., serial No. 579,-066, filed February 21, 1945. The Brady application ripened into Patent No. 2,434,-545, dated January 13, 1948. No claims were allowed.

The examiner further rejected the claims upon appellant's failure to add them to the said interference under Old Rule 109, New Rule 234, of the Rules of Practice of the United States Patent Office. The Board of Appeals affirmed the rejection by the examiner. From the decision of the board this appeal was taken.

The involved claims read as follows:

"1. A label device comprising a backing sheet scored transversely along a line adjacent but spaced from one of its edges and having a plurality of spaced parallel slits extending from said edge to said line to provide severable tabs, and a label sheet having an undercoating of permanently tacky adhesive adhered to said backing sheet from a point inwardly from said line to a point overlying the portions of said tabs adjacent said line but spaced inwardly from the outer edges of the tabs, said label sheet having parallel cuts dividing it into a plurality of labels

"6. A label device comprising, in combination with a label sheet having its under surface coated with a permanently tacky adhesive, a backing sheet having a portion adhered to the label by said coating and a portion projecting outwardly beyond an end edge of the label sheet, said label sheet having a plurality of parallel longitudinal slits defining individual labels and said backing sheet being transversely scored along a line underlying the label adjacent but spaced inwardly from said end edge thereof, and presenting a plurality of longitudinal slits registering with the respective slits in the label sheet and extending from said scored line outwardly to the adjacent end of the backing sheet whereby to provide for the respective labels

individual stripping tabs of which only a portion has a part of the label adhered thereto."

The application relates generally to a stiff backing card upon which a sheet of labels is attached by means of a non-drying adhesive. The individual labels are divided from those adjoining by parallel cuts so that the sheet becomes a plurality of labels which may be separately stripped from the card. The backing card contains a scored line running at right angles to the labels and near a longitudinal edge thereof. By means of parallel slits extending from the outer edge of the backing card to the scored line, an individual stripping tab is provided for each label. The outer end portion of each label is attached to the inner end portion of the separate tab by means of the adhesive coating so that the tab covers the portion of the adhesive coating on the outer end part of the label. The tabs adhere to the respective label ends until the stripping is completed. It is said that the advantage of such structure is that single labels may be stripped from the backing card without the user having his fingers in contact with the adhesive.

The said interference involved a single count which is claim 5 of the Brady Jr. et al. patent and reads as follows:

Count 1:

"In a dispensably mounted pressure sensitive adhesive label the combination comprising a backing sheet of light cardboard, a label sheet coated with a permanently tacky adhesive and adhered to one face of the backing sheet with one edge of the label sheet in inwardly spaced parallel relation to one edge of the backing sheet, said label sheet having a plurality of spaced parallel slits extending normal [sic] to said edge of the label sheet and dividing the label sheet into individual labels, said backing sheet having a line of partial penetration extending entirely across the backing sheet to form a weakened line, said weakened line being beneath the label sheet and extending across the same in inwardly spaced parallel relation to said edge of the label sheet, and the extent of said partial penetration of said board being limited so that the backing sheet provides a flat sup-

port for the label and a protective covering for the adhesive of said labels until said backing sheet is parted for use."

The Brady Jr. et al. patent relates to pressure sensitive adhesive labels on a card and invention is said to reside specifically in a side-by-side series of pliant-backed labels adhesively contacted to a card called a "dispenser mounting."

It is conceded by counsel for appellant in their brief that the disclosure of the Brady Jr. et al. reference is the same as that disclosed in appellant's application in the following particulars: both disclose a stiff backing card; a label-forming sheet adhered to the backing card by non-drying adhesive; a division of the label sheet by a number of parallel cuts into a plurality of strip labels; and a transversely scored line in the backing beneath the outer end portions of the stripped labels.

The examiner noted that spaced parallel slits were not included in the issue of the interference, but, in his opinion, such parallel slits do not add patentability so as to distinguish the structure defined by the involved claims over the issue in the interference. He also pointed out that in the drawings of the patent parallel slits are disclosed and it is stated in the specification of the patent that those slits are for the purpose of rendering the labels accessible a few at one time. He then pointed out that because appellant had made no attempt to add slits to the issue of the interference under said Rule 109, he is now estopped to contend that the present claims patentably distinguish over the disclosure of the prevailing party in the interference, to wit: Brady Jr. et al.

The Board of Appeals, in its decision, held the rejected claims to be readable on the Brady Jr. et al. patent. In addition to pointing out the conceded parallel structure of the device of the Brady Jr. et al. patent and the involved application, the board, as did the examiner, noted that the patent discloses a plurality of spaced parallel slits to provide severable tabs. For the reason that the disclosure of the patent provides for parallel slits dividing the label sheet into a plurality of labels, the board held that claim 1 reads directly up-

on the patent disclosure and that all the positive elements in claim 6 are likewise disclosed therein.

It is stated in the decision of the board that claim 6 cannot be patentably differentiated from the disclosure of the patent for the reason that the clause in the latter part of the claim commencing with the word "whereby" is functional and therefore must be disregarded in considering the patentability of the claim. In re Lamb, 146 F.2d 277, 32 C.C.P.A., Patents, 799.

With respect to the issue of estoppel, the board held that the rejected claims could have been added to the issue of the interference but were not and cited the rule approved by this court in the case of In re Chase, 71 F.2d 178, 21 C.C.P.A., Patents, 1183.

Counsel for appellant contend that the involved claims could not have been made counts in the interference; that the claims are patentable over the issue of the interference; and that appellant is not estopped to urge the patentability of the claims.

It appears to us that the only essential difference between the involved claims and the count resides in the provision for slits in the backing member of the former, extending from the scored line to the edge of the member.

It is true that in the patent there is no disclosure of slits in the backing card to provide a tab for each label. It is also true that there are two distinct slits disclosed in the article of the patent whereby the adherent undercoating of several rows of labels could be exposed at one time.

It seems obvious to us that when it is desirable to strip the labels from their backing it would not be in the interest of efficiency to expose the edges of more than the one or relatively few labels which are to be immediately used. Clearly, any one desiring to strip the labels one at a time and keep the adhesive coating of the other labels covered would surely provide for slits in the backing sheet. We think a recognition of the problem and its answer would be apparent to one skilled in the art. We find no inventive difference between the article defined in the involved claims and that disclosed in the patent. In re Cole, 82 F.2d 405, 23 C.C.P.A., Patents, 1057.

We have no doubt, as was held by the board, that the patent discloses all the structural limitations in the rejected claims and therefore such claims could have been added to the issue of the interference. Since they were not so added we are of opinion that their patentability may not now be urged. It should be remembered that when a final award of priority is made in an interference such adjudication finally settles not only the rights of the parties as to priority of the subject matter of the counts, but also of every question or right to every claim which could have been presented and determined in the interference. In re Chase, supra.

We find no error in the decisions below. Therefore, the decision of the Board of Appeals is affirmed.

Affirmed.