44 C.C.P.A. (Patents)

### Application of David GREGG.
### Patent Appeal No. 6265.

United States Court of Customs
and Patent Appeals.
April 30, 1957.

Rehearing Denied June 5, 1957.

Herbert L. Davis, Teterboro, N. J. (Emory C. Naylor, Washington, D. C., of counsel), for appellant.

Clarence W. Moore, Washington, D. C. (S. Wm. Cochran, Washington, D. C., of counsel), for the Commissioner of Patents.

Before JOHNSON, Chief Judge, and O'CONNELL, WORLEY, RICH, and JACKSON (retired), Associate Judges.

WORLEY, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the rejection by the Primary Examiner of claims 24, 26, and 39 of appellant's application for a patent on a valve device. Twenty-one claims of the application have been allowed.

Claims 24 and 26, which are representative of the appealed claims, are as follows:

"24. The combination comprising constricting means to be worn about a portion of the body of an occupant of an aircraft, a conduit for conducting a continuous flow of fluid medium under pressure to operate said constricting means, means for regulating the flow and thereby the pressure of the fluid medium in said conduit, means responsive to centri-

fugal force for controlling the flow regulating means and thereby the pressure of said fluid medium so as to increase the constricting force applied by said constricting means upon flight of said aircraft along a curved path during recovery from a diving maneuver, said constricting means being adapted to be positionable about the body of the occupant to retard upon such increase in the constricting force thereof the drainage of blood from the brain of the occupant, whereby the occupant may be protected from loss of consciousness.

"26. The combination comprising first means to be worn about a portion of the body of an occupant of an aircraft, said first means for applying a variable force to the abdominal portion of the body of said occupant, second means arranged for regulating the force applied by said first means, said second means including centrifugal force responsive means arranged to automatically operate said second means in such a manner as to cause an increase in the regulated force applied to said abdominal portion of the body by said first means during recovery of said aircraft from a diving maneuver and a decrease in such force relative to said increase during recovery of said aircraft from an ascending maneuver.

"The single reference relied on is "Coakwell 2,676,586 April 29, 1954."

Appellant's invention is designed to prevent the "blackout" of an airplane pilot caused by the draining of blood from the brain during the "pull-out" of a plane from a dive. His apparatus comprises a belt, adapted to be worn about the pilot's waist, with an outer leather wall sealed to an inner rubber wall band to form an air-tight pocket between them. When air under pressure is supplied to this pocket the rubber wall is forced inwardly and exerts pressure on the pilot's body and prevents the drainage of blood from the brain to the stomach.

Air is supplied to the belt by an engine-operated pump which is connected with the pocket by a pipe having a spring-pressed relief valve which is normally set to maintain a pressure of about 1½ pounds per square inch. A pivoted weight is associated with the valve in such a manner that, when the plane pulls out of a dive, the weight will swing about its pivot and exert an increased pressure on the valve, thereby causing a corresponding increase of the pressure within the pocket.

The Coakwell patent discloses an anti-"blackout" device in which drainage of blood is prevented by supplying liquid under pressure to one or more inflatable pads inside of a collar worn around the pilot's neck. The pads are connected by a tube with the interior of a flexible bellows, which, together with the tube and pads, is filled with liquid. A pivoted weight is associated with the bellows in such a manner that, when the plane pulls out of a dive, the weight will exert pressure, through a spring, on the bellows. The pressure is transmitted through the tube to the pads, inflating them and causing them to press against the pilot's throat so that blood will not be drained from his brain. The extent of movement of the weight appears to be purposely limited to prevent the building up of a dangerously high pressure in the pads.

The record shows that appellant's application was involved in an interference with the application on which the Coakwell patent was granted, with Coakwell being awarded priority. Under such circumstances, it is well settled that the disclosure of the Coakwell patent constitutes prior art against appellant, and that no claim can be allowed to appellant which does not present a patentable distinction over such disclosure. In re Bicknell, 136 F.2d 1016, 30 C.C.P.A., Patents, 1250; In re Boileau, 168 F.2d 753, 35 C.C.P.A., Patents, 1248; and In re Bronstein, 187 F.2d 637, 38 C.C.P.A., Patents, 887.

We have carefully considered appellant's arguments that the doctrine set forth in the cases just cited was modified by the Patent Act of 1952, particularly Sections 102 and 103 thereof, 35 U.S.C.A. §§ 102, 103, but we do not find them convincing.

The pertinent portions of the sections in question read:

"§ 102. Conditions for patentability; novelty and loss of right to patent

"A person shall be entitled to a patent unless—

"(a) The invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the application for patent, or

\*    \*    \*    \*    \*    \*

"(e) the invention was described in a patent granted on an application for patent by another filed in the United States before the invention thereof by the applicant for patent, or

\*    \*    \*    \*    \*    \*

"(g) before the applicant's invention thereof the invention was made in this country by another who had not abandoned, suppressed, or concealed it. In determining priority of invention there shall be considered not only the respective dates of conception and reduction to practice of the invention, but also the reasonable diligence of one who was first to conceive and last to reduce to practice, from a time prior to conception by the other.

"§ 103. Conditions for patentability; nonobvious subject matter

"A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. \*    \*    \*"

■ Appellant had the opportunity during his interference with the Coakwell application to place in issue additional claims to any patentable subject matter common to the applications involved. Having failed to do so, he cannot now predicate the patentability of any claim on subject matter which is disclosed by Coakwell. As was said in In re Chase, 71 F.2d 178, 21 C.C.P.A., Patents, 1183, with an extensive citation of authorities, "an interference settles not only the rights of the parties under the issues or counts of the interference, but also settles every question of the rights to every claim which might have been presented and determined in the interference proceedings. \*    \*    \*"

The award of priority in the interference was a final determination that any invention common to appellant's application and that of Coakwell was made by Coakwell prior to appellant's invention thereof. Coakwell's disclosure thus constitutes prior art within the meaning of Section 102(g) of the Patent Act of 1952 and, in accordance with Section 103 of that Act, appellant may not obtain any claim which distinguishes from Coakwell's disclosure only in matters which would have been obvious to a person having ordinary skill in the art at the time when his invention was made.

It follows that the Coakwell patent is a proper reference here for everything disclosed by it. It seems proper to note in this connection, moreover, that Coakwell's application was filed prior to that of appellant and there is no evidence to show completion of the invention covered by the appealed claims by appellant at any time prior to Coakwell's filing date. As the record stands, therefore, the Coakwell patent is a reference under Section 102(e) as well as 102(g).

■ We are unable to agree with appellant that the prior art referred to in Section 103 of the 1952 Act is limited to art which was available to the public pri-

or to the date of the applicant's invention. The section clearly does not make any express statement to that effect, and no reason appears for reading such a limitation into it. It was well settled prior to the 1952 Act that a patent issued on an application which was copending with that of another applicant could properly be used as a reference against the claims of the other applicant even though it did not disclose everything claimed, and it was necessary to combine it with other references. In re Seid, 161 F.2d 229, 34 C.C.P.A., Patents, 1039, and cases there cited. There is nothing to indicate that any change in that practice was contemplated by the Congress when it enacted the Patent Act of 1952.

Claims 24 and 39 were rejected by the examiner "as being directly readable on Coakwell." In affirming that rejection, the board stated that the functional recitation in those claims that the conduit is "for conducting a continuous flow of fluid medium under pressure to operate said constricting means," was not sufficient to support the allowance of the claims. We agree with the board in that conclusion since it is well settled that claims drawn to structure cannot be allowed unless they recite some structural difference over the prior art. In re Carr, 120 F.2d 386, 28 C.C.P.A., Patents, 1240, and In re Stattman, 146 F.2d 290, 32 C.C.P.A., Patents, 813. The conduit which connects the bellows of Coakwell with the inflatable pads is obviously capable of conducting a continuous flow of fluid, thus the quoted limitation presents no structural difference over the reference.

However, we cannot agree with the further conclusion stated by the board that the functional limitation just considered provides the only material distinction between claims 24 and 39 and the Coakwell patent. Each of those claims recites a means for regulating the flow of fluid through the conduit and an additional means for controlling such regulating means. In appellant's structure those elements are readily identifiable as the relief valve and the pivoted weight which controls it.

We think that, in attempting to read claims 24 and 39 on the reference, it is necessary to consider the flexible means and the weight, which acts upon the bellows when the plane pulls out of a dive, as the means for controlling the flow regulating means. It is evident the amount of flow which takes place in the Coakwell system is extremely limited, since the bellows and pads, with the connecting tube, constitute a closed system and the only flow of liquid through the tube is the slight amount which is incident to the inflation or deflation of the pads. Even that flow, however, cannot properly be said to be regulated by the bellows alone, since the bellows has no effect on the flow except when it is actuated by the weight.

Assuming that the slight variation in flow resulting from the movement of Coakwell's weight is a regulation, it is necessary to consider the weight a part of the flow regulating means, and there is then no element corresponding to the means for controlling the flow regulating means, which is recited as an additional element in claims 24 and 39.

We are of the opinion that claims 24 and 39 are not readable upon the Coakwell patent, and the rejection of those claims, therefore, should not be sustained. Whether the distinctions between those claims and the reference involve invention is a matter which is not properly before us since no rejection on that ground was made by the board.

We agree with the Patent Office that appealed claim 26 is readable on the Coakwell patent except for the statement that the variable force is applied to the abdomen of the pilot, rather than to the neck as in Coakwell. The broad reference in the claim to regulating the force applied is fully satisfied by Coakwell who varies that force in the manner set forth in the claim. Claim 26 does not call for any regulation of fluid flow.

In our opinion the substitution of an inflatable abdominal belt for the inflata-

ble collar of Coakwell would not involve invention, especially since, as pointed out by the board, it is conceded in appellant's specification that such belts are old. The portion of the body to which pressure is applied is merely a matter of choice.

The decision of the Board of Appeals is affirmed as to claim 26 and reversed as to claims 24 and 39.

Modified.

JACKSON, J., retired, recalled to participate herein in place of COLE, J., absent because of illness.