Benjamin MESSING, Harry Jacobs and The Jason Corporation, Plaintiffs,

v.

QUILTMASTER CORPORATION, Defendant.

Civ. A. No. C–177–57.

United States District Court
D. New Jersey.

May 27, 1958.

William A. Kaufmann, Hoboken, N. J., and Fish, Richardson & Neave, New York City, for plaintiffs, by Harry R. Pugh, Jr., Henry R. Ashton, Ronald F. Ball, New York City.

Norman N. Popper, Newark, N. J., for defendant.

WORTENDYKE, District Judge.

In this patent infringement case, invoking jurisdiction under 28 U.S.C.A. § 1338(a), the first of the two patents relied upon by plaintiffs (No. 2,621,138, herein referred to as '138) has already been adjudicated invalid by this Court upon defendant's motion for summary judgment. The Court's opinion upon that motion, filed February 21, 1958 and reported at 159 F.Supp. 181, will disclose the issues presented by the pleadings and the facts disclosed upon the motion. The defendant now moves for summary judgment of invalidity upon the remaining patent (No. 2,621,139, herein referred to as '139 or Messing '139), involved in this suit. That patent was issued December 9, 1952, upon an application filed August 12, 1947, and contains nine claims. The first five claims relate to methods of making a continuous padded laminated material, and the remaining four claims relate to the material itself.

On February 2, 1943, one Hoyler filed an application upon which patent number 2,525,355 issued to him on October 10, 1950, covering methods for bonding materials electrically and embodying ten claims. All of these claims relate to a "method of uniting a plurality of elongated layers of contacting, dielectric material at least one of which becomes tacky when heated to a certain temperature which comprises feeding said layers past an operating station while maintaining said layers in contacting relation, subjecting said layers to a high frequency electric field at said station whereby to create dielectric losses therein to thereby heat said layers, varying the effective intensity of said field between a relatively high value sufficient to heat said one layer to said temperature and a relatively low value insufficient to heat said one layer to said temperature by reason of the dielectric losses created therein in the course of feeding successive portions of said layers to said station whereby to heat to said temperature only those areas of said one layer which are subjected to said relatively high intensity electric field, cooling the relatively outer portion of at least said one layer simultaneously with the heating thereof whereby to confine the relatively hot portion thereof at substantially said temperature largely to a region of each of said heated areas which is contiguous to the contacting surfaces of said layers to thereby leave only substantially said regions thereof tacky, and applying pressure to said layers while said regions are tacky to cause them to adhere to each other at said areas." (Claim 2).

Long preceding the Hoyler patent was that issued to Corwin, No. 166,262, on August 3, 1875, referred to as an "improvement in imitation quilted fabrics". The single claim of the Corwin patent was "An imitation quilted fabric, composed of an exterior fabric, a lining, and a layer of india-rubber, united, as shown, and only at the lines forming the imitation stitch, substantially as described." Corwin specifications describe the object of his invention as the production of "imitation quilted goods by the use of india-rubber (in place of the ordinary stitching or sewing) as a holding or retaining medium, and by forming the pattern without applying the india-rubber in such a manner as to adhere to the fabric, except at the lines of the pattern or imitation stitches, leaving the remain-

der of the fabric free from attachment to the india-rubber, thereby producing imitation quilted goods equally pliable as quilted goods produced by ordinary stitching or sewing."

While the Corwin patent was cited in Messing '139, that of Hoyler was not.

Defendant bases its present motion upon §§ 102(e) and 103 of Title 35 of the United States Code Annotated, and argues that there is no substantial difference between the teaching of Hoyler and Messing insofar as the method for or product of the quilting is concerned, and that the differences between the subject matter of the patent in suit and the prior art as disclosed by the Hoyler and Corwin patents, are such that the subject matter as a whole would have been obvious at the time of the Messing invention to a person having ordinary skill in the art.

Plaintiffs argue that Hoyler is not available to defendant under § 102(e) because the Hoyler and Messing petitions were co-pending. Plaintiffs say that Hoyler was not "prior art" and rely upon Helene Curtis Industries, Inc., v. Sales Affiliates, 2 Cir., 1956, 233 F.2d 148, 156, certiorari denied 352 U.S. 879, 77 S.Ct. 101, 1 L.Ed.2d 80; and East Rutherford Syringes, Inc., v. Omega Precision Medical Instrument Co., Inc., D.C.N.J.1957, 152 F.Supp. 497, 501. From the cited page in Curtis Industries plaintiffs excerpt the following language from the Court's opinion:

"We think the defendant is right in its insistence that the Second Speakman patent, which did not issue until after McDonough's (patent in suit) filing date, should not be treated as part of the prior art for purposes of determining the issue of patentable invention in McDonough's claims." 233 F.2d 156.

Curtis indicates that the application for the patent in suit was dated June 16, 1941 and the issue thereof took place on December 4, 1951, while the Second Speakman patent was applied for December 9, 1935 but issued October 28, 1941.

However, the foregoing quoted language was qualified by the Court in Curtis when it said, that (same page) " * * * even if the court below erred in treating that (Second Speakman) as a prior art patent, the error is of no moment because Speakman's Canadian patent No. 365,-290, which issued on April 6, 1937 on an application filed December 10, 1935, *was* part of the prior art and just as clearly as Speakman's Second U. S. patent, disclosed in its specifications * * * " the use of the chemical involved in the McDonough process. Both of the foregoing quotations from the Curtis case are within the portion of the Court's opinion which is captioned "Lack of Invention". However, in the portion of its opinion captioned "Anticipation" the same Court, at page 158, found McDonough anticipated by Speakman's Second U. S. Patent in the following language:

"Both Speakman's Second U. S. Patent and the * * * McDonough Patent did not go to issue until after the filing date of the patent in suit. On that account they could not be held to constitute part of the prior art or as anticipating patents under 35 U.S.C.A. § 102(a). Nevertheless, they were anticipatory under the doctrine of Alexander Milburn Co. v. Davis-Bournonville Co., 270 U.S. 390, 46 S.Ct. 324, 70 L.Ed. 651, now codified in 35 U.S. C.A. § 102(e). (Citing cases.) The defendant does not challenge the findings below that a portion of each of these patents falls within the area of McDonough's alleged invention. It bases its attack on the anticipatory effect of these patents upon its contention that McDonough is entitled to a pre-filing date of invention. That attack falls with our holding, * * * to the contrary."

■ A patent becomes available as a reference even though actually issued after the filing date of an application for a patent by a person other than the patentee.

██ ██ In Sherwin-Williams Co. v. Marzall, 1951, 88 U.S.App.D.C. 374, 190 F.2d 606, 607 (quoting from Dyer v. Coe, 75 U.S.App.D.C. 125, 125 F.2d 192, 196), the Court held:

" 'Co-pending applications which, either singly, or in combination with previous patents or other co-pending applications, or both, disclose knowledge inconsistent with a claim of first invention, are available as references.' "

See, Application of Gregg, 1957, 244 F. 2d 316, 318–319, 44 C.C.P.A., Patents, 904. It is immaterial that a later patentee is ignorant of the disclosures of a prior patent; for "Even the disclosure by a paper patent furnishes anticipation fatal to patentability." Zephyr American Corp. v. Bates Mfg. Co., 3 Cir., 1942, 128 F.2d 380, 385 (quoting from E. J. Brooks Co. v. Klein, 3 Cir., 114 F.2d 955, 957). If, therefore, the disclosure made in Messing '139, here under consideration, was described in Hoyler, Messing was not entitled to the patent. 35 U.S.C.A. § 102(e).

██ The specifications and claims of Hoyler have already been set forth in part herein and more fully summarized in my opinion on the motion addressed to Messing '138. Compared with the claims of Messing '138, the first five claims of Messing '139 are essentially and substantially identical with the two claims of Messing '138; while the last four of the claims of '139 relate to the product of the method described in the first five claims. Assuming, arguendo, lack of indentity between the specifications and claims of Hoyler and those of Messing '139, the differences, if any, between the latter and the prior art "are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." 35 U.S.C.A. § 103. I have already determined that Messing '138 is invalid under 35 U.S.C.A. § 102(e) because anticipated by Hoyler. I find equal anticipation in Hoyler, and in the prior art, of Messing '139. I further conclude that the claims of Messing '139 (if they disclose any differences between the subject matter thereof and the prior art) embody methods and products which would have been obvious at the time the patent was issued to a person having ordinary skill in the art to which these claims relate. Therefore, the alleged invention described in Messing '139 was not patentable. Stanley Works v. Rockwell Mfg. Co., 3 Cir., 1953, 203 F.2d 846, certiorari denied 346 U.S. 818, 74 S.Ct. 30, 98 L.Ed. 345; Bancroft & Sons Co. v. Brewster Finishing Co., D.C.N.J., 113 F.Supp. 714, affirmed, 3 Cir., 1954, 210 F.2d 677.

██ Despite the presumption of novelty arising from favorable action by the Patent Office upon a patent application, that presumption is greatly impaired if not entirely rebutted when a patent relied upon as an anticipation is not cited against it by the Examiner. Rosaire v. Baroid Sales Division, National Lead Co., 5 Cir., 1955, 218 F.2d 72, certiorari denied 349 U.S. 916, 75 S.Ct. 605, 99 L. Ed. 1249; Friend, Inc., v. Walsh, 2 Cir., 1944, 141 F.2d 180.

██ The present motion is brought under Rule 56(b) of the Rules of Civil Procedure, 28 U.S.C.A. Subdivision (c) of the same Rule authorizes the entry of summary judgment "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I find no genuine issue as to any material fact bearing upon the purely legal issue of the validity of the Messing patent '139. I, therefore, conclude that the defendant is entitled to judgment as a matter of law, declaring the patent attacked invalid. It is, therefore, unnecessary for me to pass upon the question of infringement which is also raised in the present action.

An order may be presented in accordance with the views herein expressed.